# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ZENOVDIA LOVE,

    **Plaintiff,**

v.                    Case No.:

GWINNETT INSTITUTE,

    **Defendant.**

_____/

## COMPLAINT FOR DISCRIMINATION IN EMPLOYMENT HIRING BASED ON RACE AND SEX, AND DEMAND FOR JURY TRIAL

Plaintiff, **Zenovdia Love ("Love")**, brings this action seeking monetary damages, reinstatement, attorney's fees, costs, and other relief against Defendant, **Gwinnett Institute** and alleges the following:

### NATURE OF ACTION

1. This is an action brought by **Love** against Defendant based on discrimination in employment hiring based on her race, African American, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5, and the Florida Civil Rights Act, § 760.10, Fla. Stat. ("FCRA").

### JURISDICTIONAL AND VENUE

2. The jurisdiction of this Court is invoked under § 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f).

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391, in that each cause of action arose in this district.

## PARTIES

4   Plaintiff, **Love**, is an African American female citizen of the United States and the State of Florida, City of Davenport, and County of Polk, Florida.

5.   Defendant is an employer in an industry that affects commerce, and employs more than 25 employees for purpose of applicability of Title VII of the Civil Rights Act of 1964, as amended, and more than 15 employees for purpose of applicability of the FCRA.

6.   The unlawful practices of discrimination in employment alleged herein were committed within the State of Florida.

7.   All conditions precedent to jurisdiction under Title VII of the Civil Rights Act of 1964, as amended, have occurred or been complied with, to wit:  A charge of employment discrimination was filed with the Equal Employment Opportunity Commission ("EEOC"); a Notification of Right to Sue was issued by the EEOC on  July 18, 2018 (*See Exhibit 1 attached*); and this complaint has been filed within 90 days of Plaintiff's receipt of said Notification of Right to Sue.

## FACTUAL ALLEGATIONS

8.   On September 19, 2017, Plaintiff, **Love**, initially interviewed for an Administrative position with the Defendant before a panel.

9.   On September 29, 2017, Plaintiff **Love** was told by Defendant's Administrative Manager, Susan (last name unknown), that she was not selected; however, that the Director of Career Services position had recently become available.

10.   On October 3, 2017, Plaintiff **Love** interviewed for the Director of Career Services position with **William Atkinson**, Defendant's Campus President.

11. The above referenced interview; of about 2 hours, with Defendant's Campus President **Atkinson** went very well, and Campus President **Atkinson** offered Plaintiff **Love** an implied in fact contract for the position; i.e., salary was discussed based on Plaintiff **Love's** experience and qualifications; job duties and work hours were negotiated, and **Love's** work space area was shown to her Campus President **Atkinson.**

12. Paragraph 11 notwithstanding, Defendant's Campus President Atkinson eventually hired a Caucasian male associate outside of Plaintiff's protected classes of African American and female. rather than Plaintiff **Love**.

13. On or about November 1, 2017, Plaintiff **Love** complained to Defendant's corporate office about Defendant's interview process and Defendant's adverse selection.

14. Notwithstanding paragraph 13 above, the Defendant took / has taken no corrective actions.

15. Plaintiff **Love** was given no legitimate reason(s) for the adverse hiring decision made as to her by Defendant.

16. Consequently, Plaintiff **Love** believes she has been discriminated against by Defendant based on her African American (black) race in violation of Title VII of the Civil Rights Act of 1964, as amended.

## JURISDICTION AND FIRST CLAIM OR RELIEF

17. Plaintiff **Love** realleges paragraphs 8 through 16 as if specifically plead herein, and further states.

18. Plaintiff's first claim for relief is brought, and jurisdiction lies, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5, and the Florida Civil Rights Act, § 760.10, Fla. Stat. ("FCRA"), prohibiting discrimination in

employment hiring based on her **race** (African-American).

19. Defendant's discrimination against Plaintiff **Love** by and through it's agent's refusal to hire her because of her race, as delineated above, was in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5, and the Florida Civil Rights Act, § 760.10, Fla. Stat. ("FCRA"), and was calculated to; and did, cause Plaintiff **Love** to suffer loss pay, humiliation, mental anguish and emotion and physical distress.

## JURISDICTION AND SECOND CLAIM OR RELIEF

20. Plaintiff **Love** realleges paragraphs 8 through 16 as if specifically plead herein, and further states.

21. Plaintiff's second claim for relief is brought, and jurisdiction lies, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5, and the Florida Civil Rights Act, § 760.10, Fla. Stat. ("FCRA"), prohibiting discrimination in employment hiring based on her **sex** (female).

22. Defendant's discrimination against Plaintiff **Love** by and through it's agent's refusal to hire her because of her sex (female), as delineated above, was in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5, and the Florida Civil Rights Act, § 760.10, Fla. Stat. ("FCRA"), and was calculated to; and did, cause Plaintiff **Love** to suffer loss pay, humiliation, mental anguish and emotion and physical distress.

WHEREFORE, Plaintiff **Love** respectfully pray that this Honorable Court will advance this case upon the docket; order a speedy jury trial on all issues so triable by jury at the earliest practicable date; cause this case to be in every way expedited, and upon such hearing, award her the following relief as against Defendant:

A. Order Defendant to hire her to a job or position for which she qualifies;

B. Enjoin Defendant from further discriminatory and/or retaliatory acts against her;

C. Grant her back pay, including lost benefits, she would have received had she not been subjected to; and suffered from, the racial discrimination delineated herein;

D. Award her compensatory damages for humiliation, mental anguish, pain and suffering and any other compensatory damages which this Court; in its wisdom, feels is just and proper, based on the proof in these proceedings; and

E. Award to her, her reasonable attorney's fees and costs of this action.

            Respectfully submitted,

            **Maxie Broome, Jr., P.A.**

            <u>/s/Maxie Broome, Jr.</u>
            Maxie Broome, Jr., Esquire
            Florida Bar No.: 0250201
            P.O. Box 371
            Bartow, Florida 33831
            (904) 382-2434: telephone
            mbroomelaw@aol.com : email
            Attorney for Plaintiff